

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-10-2007

# Fairbanks Cap Corp v. Milligan

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3986

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Fairbanks Cap Corp v. Milligan" (2007). *2007 Decisions.* Paper 1119.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1119

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 06-3986

———

FAIRBANK'S CAPITAL CORP.

v.

MARK L. MILLIGAN;
BANCO POPULAR DE PUERTO RICO;
INTERNAL REVENUE SERVICE;
DR. STEVEN E. LERNER & ASSOCIATES;
GOVERNMENT OF THE VIRGIN ISLANDS,
Virgin Islands Bureau of Internal Revenue

Mark L. Milligan,
                                                Appellant

———

On Appeal from the District Court of the Virgin Islands
(D.C. No. 00-cv-00124 )
District Judge: Hon. Curtis V. Gomez

———

Submitted Under Third Circuit LAR 34.1(a)
May 7, 2007

Before: SLOVITER, STAPLETON, and VAN ANTWERPEN, Circuit Judges.

(Filed: May 10, 2007)

OPINION

———

SLOVITER, Circuit Judge.

Defendant-Appellant Mark Milligan ("Milligan") appeals the District Court's grant of summary judgment in favor of Plaintiff-Appellee Fairbanks Capital Corporation[1] ("Fairbanks") on its Complaint for Debt and Foreclosure of Real Property Mortgage. The District Court rejected Milligan's claim that the doctrines of res judicata and collateral estoppel barred Fairbanks from bringing a subsequent foreclosure action because a prior foreclosure action had been dismissed with prejudice. We will affirm.

**I.**

On or about August 15, 1984, Kenneth and Priscilla Palmer executed a note ("Note") for $135,000 at 14.5% interest to be paid on the first of each month to Caribbean Financial Corporation ("CFC"). Accompanying the Note was a mortgage on property located in St. Croix. On the same day that the Note was executed, CFC assigned its interest to Gibraltar Savings & Loan. On March 20, 1985 Mark Milligan ("Milligan") assumed the mortgage obligations from the Palmers.

After Milligan stopped making payments on the Note, Resolution Trust Corporation ("RTC"), as receiver for Gibraltar, filed a foreclosure action on July 12, 1994, alleging that Milligan was in default. Under the provisions of the Note, RTC was

---

[1]Fairbanks has undergone a corporate name change and is now legally Select Portfolio Servicing, Inc., whose parent company is SPS Holding Corp., a wholly owned subsidiary of Credit Suisse (USA), Inc.

2

entitled to collect the total obligation due under the Note upon Milligan's default without cure within the thirty-day period afforded by the Note. The parties eventually resolved their differences and the District Court of the Virgin Islands ordered RTC's cause of action dismissed, with prejudice, on October 20, 1994.

After the stipulated dismissal, Fairbanks, on or about to June 14, 1999, acquired the rights to collect on the Note and duly recorded the assignment. Milligan was again in default and on June 1, 2000, Fairbanks advised Milligan by letter that he was in default of the Note for failing to pay the monthly installments as they became due. Fairbanks notified Milligan that if he failed to pay the outstanding amount, it would accelerate the payment of the remaining principal as authorized by the Note and would institute formal foreclosure proceedings. Milligan failed to pay and on September 13, 2000 Fairbanks filed this action for debt and foreclosure of the mortgage against Milligan.

Milligan moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that the October 20, 1994 dismissal, with prejudice, acted as a bar on either or both res judicata and collateral estoppel grounds. The District Court denied Milligan's motion to dismiss; the Court found that the default underlying the 1994 action was separate and distinct from the default underlying the Fairbanks' complaint.

After the denial of Milligan's Fed. R. Civ. P. 12(b)(6) motion, Fairbanks moved for summary judgment. The District Court granted Fairbanks' motion on the ground that "Milligan does not dispute that the Note exists, that it contained an acceleration clause, or

3

that Milligan defaulted on the Note by failing to make scheduled payments." App. at 129.

Milligan filed a timely notice of appeal on August 16, 2006.

## II.

The District Court had jurisdiction under 48 U.S.C. § 1612(a) and 28 U.S.C. § 1332(a)(1). We have final jurisdiction over this appeal from the District Court's final order and judgment under 28 U.S.C. § 1291.

The question of whether the doctrines of res judicata or collateral estoppel apply to this second foreclosure action is a question of law, over which we exercise plenary review. See Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc., 458 F.3d 244, 248 (3d Cir. 2006).

In reviewing the District Court's entry of summary judgment we must determine whether, after viewing the evidence and reasonable inferences that may be drawn therefrom in the light most favorable to the non-movant, there appears no genuine issue of material fact and that the moving party is entitled to judgment, as a matter of law. See Fed. R. Civ. P. 56; see also Celotex Corp v. Catrett, 477 U.S. 317, 322-323 (1986).

Milligan argues that because the first action was dismissed with prejudice, and that dismissal bound the parties' privities, this action is barred by res judicata and collateral estoppel. Under the doctrine of res judicata (referred to now as claim preclusion), a judgment in a prior suit involving the same parties, or parties in privity with them, bars a subsequent suit on the same cause of action. "Res judicata acts as a bar to relitigation of

4

an adjudicated claim between parties and those in privity with them." Transamerica

Occidental Life Ins. Co. v. Aviation Office of Am., Inc., 292 F.3d 384, 392 (3d Cir. 2002)

(citing CoreStates Bank, N.A. v. Huls Am., Inc., 176 F.3d 187, 194 (3d Cir. 1999)). "The

rationale is that if the adjudication of an action is binding on parties in privity with the

parties formally named in the litigation, then any claims against parties in privity should

be brought in the same action lest the door be kept open for subsequent relitigation of the

same claims." Id. at 392. A dismissal "with prejudice" is treated as an adjudication of

the merits and thus has preclusive effect. Gambocz v. Yelencsics, 468 F.2d 837, 840 (3d

Cir. 1972).

Collateral estoppel, also known as issue preclusion, refers to the preclusive effect

of a judgment on the merits of an issue that was previously litigated or that could have

been litigated. In Jean Alexander Cosmetics, Inc., we looked to the Second Restatement

of Judgments for a definition of issue preclusion: "'When an issue of fact or law is

actually litigated and determined by a valid and final judgment, and the determination is

essential to the judgment, the determination is conclusive in a subsequent action between

the parties, whether on the same or a different claim.'" 458 F.3d at 249 (quoting

Restatement (Second) of Judgments § 27 (1982)). We identified "four standard

requirements for the application of collateral estoppel in our case law: (1) the identical

issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous

determination was necessary to the decision; and (4) the party being precluded from

5

relitigating the issue was fully represented in the prior action." Id. (internal quotation marks and citations omitted).

Although Milligan correctly states the applicable legal principles, he cannot take advantage of them here because Fairbanks' claim is not the same claim that was settled in the first action. Other courts to have considered Milligan's argument in similar contexts have rejected it. In Singleton v. Greymar Assocs., 882 So.2d 1004, 1008 (Fla. 2004), the Florida Supreme Court held that "the doctrine of res judicata does not necessarily bar successive foreclosure suits, regardless of whether or not the mortgagee sought to accelerate payments on the note in the first suit. . . . [T]he subsequent and separate alleged default created a new and independent right in the mortgagee to accelerate payment on the note in a subsequent foreclosure action." As the Court stated, "[i]f res judicata prevented a mortgagee from acting on a subsequent default . . . , the mortgagor would have no incentive to make future timely payments on the note." Id. at 1007.

Similarly, in Afolabi v. Atlantic Mortgage & Inv. Corp., 849 N.E.2d 1170 (Ind. Ct. App. 2006), the Indiana Court of Appeals concluded that the prior foreclosure action, which was dismissed with prejudice, did not bar the foreclosure action at issue before it. The court held that "the subsequent and separate alleged defaults under the note created a new and independent right in the mortgagee to accelerate payment on the note in a subsequent foreclosure action." Id. at 1175.

We have not had the opportunity to speak on this question. We recognize that the

6

Florida and Indiana decisions are not binding on this court, but the reasoning behind both of those decisions is persuasive and we agree. The stipulated dismissal with prejudice of October 20, 1994 cannot bar a subsequent mortgage foreclosure action based on defaults occurring after dismissal of the first action merely because the current mortgagee, Fairbanks, is in privity with the former settling party, RTC. If we were to so hold, it would encourage a delinquent mortgagor to come to a settlement with a mortgagee on a default in order to later insulate the mortgagor from the consequences of a subsequent default. This is plainly nonsensical. Therefore, we will affirm the District Court's grant of summary judgment in favor of Fairbanks.[2]

---

[2] Milligan also argues that Fairbanks failed to substantiate the amount it asserted was due. However, he never states that he was not in default, and we accept the facts as set forth by the District Court.

7