J-A28022-19

2020 PA Super 120

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST 2006-WFHE3, ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WFHE3 | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| KATHERYNE W. DAVIS, AKA KATHERYNE WHITNEY DAVIS | |
| Appellee | No. 614 EDA 2019 |

Appeal from the Order Entered January 17, 2019
In the Court of Common Pleas of Delaware County
Civil Division at No: CV-2016-007787

BEFORE:  PANELLA, P.J., STABILE, J., and COLINS, J.[*]

OPINION BY STABILE, J.:  **FILED MAY 20, 2020**

Appellant, U.S. Bank National Association, appeals from the January 17, 2019 order entering summary judgment in favor of Appellee, Katheryne W. Davis a/k/a Katherine Whitney Davis.  We reverse and remand.

The pertinent facts and procedural history are not in dispute.  On July 31, 2006, Appellee borrowed $494,100.00, secured by a mortgage.  Appellee failed to make her March 1, 2013 payment, and she has made no payments since.  The mortgage was assigned to Appellant on May 8, 2013.  On October

_____

[*] Retired Senior Judge assigned to the Superior Court.

2, 2013, Appellant filed a complaint in mortgage foreclosure against Appellee. On April 29, 2015, after the close of Appellant's evidence at a trial in that case, the trial court entered a compulsory nonsuit, finding that Appellant failed to prove it provided notice of the foreclosure proceeding under Act 91 (35 P.S. § 1680.401c, *et seq.*). Appellant filed a timely appeal but later withdrew it.

Appellant filed a new Act 91 notice on July 8, 2016, followed by the instant complaint in foreclosure on September 9, 2016. On January 17, 2019, the trial court granted Appellee's summary judgment motion, concluding that the nonsuit in Appellee's favor in the original foreclosure action barred the present action by *res judicata*. This timely appeal followed.

Appellant offers two reasons it believes the trial court erred. First, Appellant claims *res judicata* does not apply because there was no decision on the merits in the prior action. Second, Appellant argues that the present action pertains to a period of default. Appellant's Brief at 4.

"The question of whether summary judgment is warranted is one of law, and thus our standard of review is *de novo* and our scope of review is plenary." ***City of Philadelphia v. Cumberland Cty. Bd. of Assessment Appeals***, 81 A.3d 24, 44 (Pa. 2013). "Summary judgment may be entered only where the record demonstrates that there remain no genuine issues of material fact, and

it is apparent that the moving party is entitled to judgment as a matter of law." ***Id.***[1]

"*Res judicata*" means "a thing adjudged" or a matter settled by judgment. ***Stoeckinger v. Presidential Fin. Corp. of Delaware Valley***, 948 A.2d 828, 832 (Pa. Super. 2008) (quoting ***McNeil v. Owens-Corning Fiberglass Corp.***, 680 A.2d 1145, 1147-48 (Pa. 1996)). It applies on these conditions: "1) Identity in the thing sued upon; 2) Identity of the cause of action; 3) Identity of persons and parties to the action; and, 4) Identity of the quality or capacity of the parties suing or sued." ***Stevenson v. Silverman***, 208 A.2d 786, 787–88 (Pa. 1965). Thus, "a final judgment rendered by a court of competent jurisdiction **on the merits** is conclusive as to the rights of the parties and constitutes for them an absolute bar to a subsequent action involving the same claim, demand or cause of action." ***Id.*** (emphasis added). "For *res judicata* purposes, a judgment on the merits is one that actually pass[es] directly on the substance of [a particular] claim before the court. This has been the law of Pennsylvania for more than a century." ***Weinar v.***

_____

[1] The Pennsylvania Rules of Civil Procedure provide in relevant part as follows:

> After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law
>
> (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report.

Pa.R.C.P. No. 1035.2(1).

*Lex*, 176 A.3d 907, 915 (Pa. Super. 2017) (internal citation and quotation marks omitted), *appeal denied*, 189 A.3d 944 (Pa. 2018). *Res judicata* presents an issue of law for which our standard of review is *de novo. **Id.***

In its first argument, Appellant claims the trial court did not determine the prior action on its merits. The prior action was dismissed because Appellant failed to comply with Act 91. The trial court explained that it entered a compulsory nonsuit because of Appellant's failure to produce admissible evidence that it sent an Act 91 notice to Appellee. Trial Court Opinion, 8/28/15, at 3. The trial court found that Appellant's records custodian could not establish that Appellant's Act 91 notice was admissible as a business record (*see* Pa.R.E. 803(6)).[2] *Id.* at 4-10.

Instantly, we must discern whether the trial court passed directly on the substance of the claim before it, as described in *Weinar*. We turn for guidance to our Supreme Court's decision in *Beneficial Consumer Discount Co. v. Vukman*, 77 A.3d 547 (Pa. 2013). There, the trial court set aside a sheriff's sale, concluding that the Act 91 notice was deficient and that this deficiency deprived the court of subject matter jurisdiction over the foreclosure action. The mortgagee appealed, arguing that a deficient Act 91 notice was merely a waivable procedural defect. *See id.* at 548-50. The *Vukman* Court reversed,

---

[2] Appellee claims there were evidentiary deficiencies in Appellant's case in addition to its inability to authenticate the Act 91 notice. The trial court, however, issued no findings as to anything other than Appellant's failure to prove its compliance with Act 91.

- 4 -

reasoning that a cause of action in foreclosure does not include the mortgagee's compliance with Act 91. Rather, the cause of action arises from the mortgagor's default. *See id.* at 552-53. "The cause of action does not include the procedural requirements of acting on that cause." *Id.* at 553. Further, "the Act 91 notice requirements appear to fit comfortably in the procedural realm as they set forth the steps a mortgagee with a cause of action must take prior to filing for foreclosure." *Id.*

We recognize that the *Vukman* Court did not consider the issue presently before us. Nevertheless, its analysis of Act 91 is of great import here because *res judicata* applies only where the prior action produced a decision on the substance of the claim involved. *Vukman* establishes that Act 91 is not part of the substance of a foreclosure cause of action. The trial court therefore erred in concluding that Appellant's failure to prove its compliance with Act 91 in the prior action barred the present action under the principles of *res judicata*.

The trial court also relied on Rule 231(b) of the Pennsylvania Rules of Civil Procedure: "After the entry of a compulsory nonsuit the plaintiff may not commence a second action upon the same cause of action." Pa.R.C.P. No. 231(b). The trial court relied on *Albright v. Wella Corp.*, 359 A.2d 460, 465 (Pa. Super. 1976), in which this Court wrote that a denial to remove a compulsory nonsuit constitutes a decision on the merits for purposes of determining whether the nonsuited party can bring a subsequent action.

- 5 -

There, the plaintiff failed to produce witnesses at arbitration and, by then-existing rule, was precluded from producing witnesses at a *de novo* trial, resulting in entry of nonsuit against her. The plaintiff later sought a jury trial on the same cause of action, claiming that the rule that precluded her from producing evidence at the *de novo* trial had been held to be invalid. ***Id.*** at 461-63. There, as here, the plaintiff argued that the prior decision was merely on procedural grounds and not on the merits, inasmuch as a procedural rule precluded her from producing at the *de novo* trial any witness she did not produce at arbitration. ***Id.*** at 464. The ***Albright*** Court rejected that argument, reasoning that the procedural rule did not preclude the plaintiff from introducing evidence. Rather, she chose to introduce no evidence at the arbitration. ***Id.*** Thus, the ***Albright*** Court held that the prior nonsuit was a decision on the merits, and therefore a new trial was barred by *res judicata*. ***Id.*** at 464-65.

For reasons we have already explained, we do not consider the prior decision in this case to be a decision on the merits. In this case, unlike ***Albright***, Appellant presented evidence on the merits of its cause of action, but the trial court declined to address the merits because Appellant failed to establish its compliance with Act 91. Given our Supreme Court's treatment of Act 91 in ***Vukman***, we conclude that the nonsuit in this foreclosure action was not a decision on the merits. ***Albright*** is not controlling here.

Nonetheless, the trial court's reliance on Rule 231 presents another issue: whether the present case involves the same cause of action as the prior one. For guidance on this issue we turn to the Supreme Court's recent decision in *J.P. Morgan Chase Bank, N.A. v. Taggart*, 203 A.3d 187 (Pa. 2019). The *Taggart* Court did not have a *res judicata* issue before it, but it examined the need for statutory notice prior to successive foreclosure complaints. In *Taggart*, the mortgagee filed an Act 6[3] notice prior to commencing a foreclosure action. The mortgagor filed preliminary objections, the mortgagee never responded, and the complaint was dismissed. Subsequently, the mortgagee filed a second foreclosure action without filing a new Act 6 notice. The mortgagor, in seeking to set aside the sheriff's sale, relied on the absence of an Act 6 notice. The mortgagee argued that the Act 6 notice from the prior foreclosure action was sufficient.

Our Supreme Court held that the trial court erred in refusing to set aside the sheriff's sale. Concluding that the statutory purpose of Act 6 is to prevent foreclosures without adequate notice, the Supreme Court concluded, "Act 6 requires a new pre-foreclosure notice **each time the lender initiates a mortgage foreclosure action**." *Id.* at 195 (emphasis added). The Supreme Court further explained:

---

[3] 41 P.S. §§ 101-605. Act 6 governs the notice required prior to accelerating the maturity date of a residential mortgage. Act 91 provides the borrower with notice of the availability of state-funded emergency assistance; it applies if the home to be foreclosed on is the borrower's primary residence.

Act 6 notice enables a financially troubled residential homeowner to learn exactly what sum of money is necessary to cure the mortgage default. This number does not remain static as time passes. To the contrary, compounding interest, late fees, and missed payments accrue steadily. The amount required to cure the default will depend as well upon whether the borrower has made any payments, changes in the escrow portion of the payments, and fluctuations in adjustable rate mortgages.

*Id.* (citing **Wells Fargo v. Spivak**, 104 A.3d 7, 14 (Pa. Super. 2014)).

While neither Rule 231 nor the doctrine of *res judicata* was at issue in **Taggart**, we find that Court's analysis to be illuminating as to whether we can consider a second foreclosure on the same mortgage a new cause of action. The second action involved a different amount necessary to cure the default, and the mortgagor was not on notice of that amount because no Act 6 notice preceded the second action. Thus, the Supreme Court set the sheriff's sale aside.

Instantly, the trial court found the present action barred by *res judicata* because Appellant accelerated the same debt under the same mortgage. Trial Court Opinion, 4/18/19, at 1-3. Thus, the trial court concluded that *res judicata* precluded a second claim to collect the same debt. The trial court further noted that Appellant withdrew its appeal from the prior action, thus waiving any challenge to the issues that led to the prior nonsuit. *Id.*

We disagree with the trial court's analysis for the following reasons. First, as is evident from the **Taggart** Court's analysis, a later foreclosure action can be distinct from an earlier one in several important respects. Instantly, Appellee has made no payments since before the prior action. As

the **Taggart** Court explained, the amount necessary to cure the default changes over time as a result of interest, late charges, escrow advances, insurance premiums, and such. Further, the new action in **Taggart** involved a different span of time. Here, as in **Taggart**, a different period of default is at issue.[4] While there is no case in Pennsylvania directly on point, a review of case law from other jurisdictions provides persuasive authority.

Several courts within the Third Circuit have concluded that an earlier foreclosure action does not preclude a later one. The Third Circuit, in its unpublished opinion in **Fairbank's Capital Corp. v. Milligan**, 234 Fed.Appx. 21 (3d Cir. 2007), held that *res judicata* did not bar a subsequent foreclosure action where a prior action had been dismissed with prejudice based on the parties' stipulation after settlement. The Third Circuit noted that dismissal with prejudice constitutes a decision on the merits for purposes of *res judicata*, but the Court held that *res judicata* did not bar the claim before it:

> In **Singleton v. Greymar Assocs.**, 882 So.2d 1004, 1008 (Fla. 2004), the Florida Supreme Court held that 'the doctrine of res judicata does not necessarily bar successive foreclosure suits, regardless of whether or not the mortgagee sought to accelerate payments on the note in the first suit.... [T]he subsequent and separate alleged default created a new and independent right in the mortgagee to accelerate payment on the note in a subsequent foreclosure action. As the Court stated, '[i]f res judicata prevented a mortgagee from acting on a subsequent default ..., the mortgagor would have no incentive to make future timely payments on the note.'

---

[4] Appellant's Act 91 notice includes late charges, but no escrow advances, insurance payments, or other items. Complaint, 9/9/16, at Exhibit C.

*Id.* at 23 (quoting ***Singleton v. Greymar Assocs.***, 882 So.2d 1004, 1008 (Fla. 2004)).  The Third Circuit found the ***Singleton*** rationale persuasive, reasoning that the courts should not allow a mortgagor to escape future payment obligations by settling a foreclosure action, having the complaint dismissed, and defaulting again.  *Id.* at 24.

In ***Hoffman v. Wells Fargo***, 242 F. Supp.3d 372 (E.D.Pa. 2017), the mortgagee lost an earlier action because its records custodian failed to authenticate the note.  The Eastern District Court found that the mortgagee had a colorable argument that *res judicata* did not bar a second foreclosure action, and therefore the mortgagee did not violate the Federal Debt Collection Practices Act[5] by pursuing one.  *Id.* at 384.

In ***Singleton***, the mortgagee's first action was dismissed with prejudice after it failed to appear at a case management conference.  ***Singleton***, 882 So.2d at 1005.  In addition to the passage quoted above in ***Milligan***, the ***Singleton*** Court rejected the argument that *res judicata* applied because the mortgagee relied on the same acceleration clause and alleged the same principal amount due and owing.  The facts underlying the second action were different because the mortgagee was seeking relief for a different breach.  *Id.* at 1007.  Thus, an acceleration for an earlier default did not bar another acceleration for a subsequent one.  Several other states have reached similar

_____

[5]  15 U.S.C.A. § 1692e.

- 10 -

conclusions. *See Federal Nat. Mortg. Ass'n v. Thompson*, 912 N.W.2d 364 (Wis. 2018) (holding that claim preclusion does not bar a second action for a continuing default on the same note where the prior action was dismissed because the trial court refused to admit into evidence an alleged copy of the note); *In re Rogers Townshend & Thomas, PC*, 773 S.E.2d 101 (N.C. Ct. App. 2015 (holding that a new foreclosure action was not barred even though a procedural rule provided that the voluntary dismissal of the prior action constituted a judgment on the merits; the two actions involved different periods of default); *Afolabi v. Atlantic Mortg. & Inv. Corp.*, 849 N.E.2d 1170 (Ind. Ct. App. 2006) (holding that *res judicata* did bar a subsequent action where the mortgagee voluntarily dismissed an earlier one).

Appellee relies on *U.S. Bank Nat'l Ass'n v. Gullotta*, 899 N.E.2d 987 (Ohio 2008), in support of her argument that subsequent periods of default do not give rise to new causes of action. There, the mortgagee filed two prior foreclosure actions and voluntarily dismissed both. By rule, the second voluntary dismissal constituted a judgment on the merits. *Id.* at 990-91. The *Gullotta* Court concluded that the mortgagor's continuing failure to pay did not overcome the bar of *res judicata*:

> The key here is that the whole note became due upon [the mortgagor's] breach, not just the installment he missed. There is a distinction between an action for recovery of installment payments under an installment note where the entire principal is accelerated, and an action to recover for nonpayment under an installment note where only the amount of the principal to date, and no future amount, is sought. The general rule that each missed payment in an installment loan gives rise to a separate

- 11 -

cause of action does not hold true when there is an acceleration clause in the loan agreement:

[…]

By agreeing to an acceleration clause, the parties in this case have avoided the operation of the general rule that nonpayment on an installment loan does not constitute a breach of the entire contract.  In a contract with an acceleration clause, a breach constitutes a breach of the entire contract.  Once [the mortgagor] defaulted and [the mortgagee] invoked the acceleration clause of the note, the contract became indivisible.  The obligations to pay each installment merged into one obligation to pay the entire balance on the note.

*Id.* at 991-92 (internal citations and quotation marks omitted).  The ***Gullotta***

Court noted the result would differ if the mortgage had been reinstated.  ***Id.***

at 992.

Given our Supreme Court's analysis in ***Taggart***, the federal court

decisions in ***Milligan*** and ***Hoffman***, and the Florida Supreme Court's opinion

in ***Singleton***, we conclude that the present foreclosure action, based on a

different period of default, is distinct from Appellant's prior foreclosure action.

We find persuasive the concerns expressed in those cases about removing the

defaulting mortgagor's incentive to make any further payments.  Our decision

is consistent with longstanding case law outside of the foreclosure context.

***See Callery v. Municipal Auth. Of Blythe Twp.***, 243 A.2d 385, 388 (Pa.

1968) (holding that causes of action are distinct where they seek recovery for

damages arising from different periods).

To summarize, we have decided that *res judicata* does not bar this

action because there was no decision on the merits in the prior action.

Likewise, Rule 231 does not bar the present action because it is distinct from the prior action. We are cognizant that there are many reasons why a mortgagee's foreclosure action might fail. In **Hoffman**, for example, the federal district court noted that there was a question as to several unrecorded assignments, but it did not reach that question. **Hoffman**, 242 F.Supp.3d at 377. Thus, we do not hold that a prior foreclosure action can never, in any circumstances, bar a subsequent one. We limit our analysis to the facts before us—a prior action dismissed on procedural grounds and a mortgagor's continuing default on her payment obligations. For all of the foregoing reasons, we reverse the order granting summary judgment in favor of Appellee and remand for further proceedings consistent with this Opinion.

Order reversed. Case remanded. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 5/20/2020*