J-A01027-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| KATHRYN A. TAYLOR, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF MARK TAYLOR, DECEASED | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : : | No. 1666 EDA 2025 |
| KEITH BRAVERMAN AND DIANE BRAVERMAN, H/W | : : | |

Appeal from the Order Entered June 18, 2025
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2025-00982

BEFORE: DUBOW, J., KUNSELMAN, J., and SULLIVAN, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED APRIL 13, 2026**

In this breach of contract action, Kathryn Taylor, individually, and as administratrix of the estate of her deceased husband, Mark Taylor, ("Taylor") appeals from the order sustaining the preliminary objections of Keith and Diane Braverman ("the Bravermans"). Taylor claims that the trial court erred in concluding that the doctrine *of res judicata* bars this action. Upon review, we affirm.

This appeal arises from the sale of Taylor's home to the Bravermans. The trial court summarized the factual and procedural history as follows:

> On July 18, 2024, [Taylor] first filed suit against [the Bravermans] for breach of contract in case number 2024-04554 ("First Suit"). [Taylor had] agreed to sell her residence to [the Bravermans] for $525,000. Because the residence was worth more than $525,000,

[the Bravermans] allegedly agreed to give [Taylor] an additional sum of $125,000. [Taylor] alleged that [the Bravermans] failed to pay the additional sum. [Taylor] is Keith Braverman's aunt.

On November 13, 2024, [the Bravermans] filed a motion for judgment on the pleadings. [They] alleged that the defenses of statutes of fraud[], the merger doctrine, and the parol evidence rule barred recovery. On February 1, 2025, [the trial court] granted [the Bravermans] motion for judgment on the pleadings. [Taylor did not appeal that decision.]

On February 27, 2025, [Taylor] filed a second suit against [the Bravermans] in case number 2025-00982 ("Second Suit") [or "instant action"]. The suit involved the same issue as the First Suit . . . but the Second Suit [attached a written agreement to the complaint which the Bravermans signed on May 1, 2022, and allegedly agreed to repay a $120,000 personal loan to Taylor].

On March 21, 2025, [the Bravermans] filed preliminary objections. [They] alleged that [Taylor's] claim was barred by the doctrine of *res judicata*. [Taylor filed a response claiming that the decision in the First Suit was not a decision on the merits and that she attached a written document to the complaint in the Second Suit.] On June 18, 2025, [the trial court] sustained [the Bravermans'] preliminary objections and dismissed [Taylor's Second Suit] with prejudice.

Trial Court Opinion, 8/4/2025, at 1-2 (citations omitted) (excessive capitalization omitted).

Taylor filed this timely appeal. She and the trial court complied with Appellate Rule 1925.

Taylor raises the following single issue for our review:

I. Whether the [trial court] committed an error of law when it determined that [Taylor's] cause of action was barred by *res judicata* "because the same action had already been litigated in a prior case" when in fact the action was never and has not been litigated in this or any other court.

Taylor's Brief at 3.

Preliminarily, we note that "[o]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court." *De Lage Landen Fin. Servs., Inc. v. Urban P'ship, LLC*, 903 A.2d 586, 589 (Pa. Super. 2006).

> "Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint." When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Hykes v. Hughes*, 835 A.2d 382, 383 (Pa. Super. 2003) (citations omitted).

The doctrine of *res judicata* is intended "to foreclose repetitious litigation by barring parties from re-litigating a matter that was previously litigated or *could have been litigated*." *Wilmington Trust Nat'l Assoc. v. Unknown Heirs*, 219 A.3d 1173, 1179 (Pa. Super. 2019) (emphasis added). "Thus, a party must raise all matters related to an issue at first opportunity or be forever barred from raising them again." *Khalil v. Travelers Indem. Co. of America*, 273 A.3d 1211, 1224 (Pa. Super. 2022) (internal citation and brackets omitted)

- 3 -

The party claiming *res judicata* must establish four common elements (or four identities) before the doctrine applies: (1) identity of issues; (2) identity of causes of action; (3) identity of persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued. ***See Wilkes ex rel. Mason v. Phoenix Home Life Mut. Ins. Co.***, 902 A.2d 366, 378 n.9 (Pa. 2006). The trial court "may consider whether the factual allegations of both actions are the same, whether the same evidence is necessary to prove each action and whether both actions seek compensation for the same damages." ***Dempsey v. Cessna Aircraft Co.***, 653 A.2d 679, 681 (Pa. Super. 1995) (*en banc*) (citation omitted).

Additionally, the prior action must have resulted in a final judgment on the merits. ***See id***. at 680-81. A final judgment exists where the trial court "passed directly on the substance of the claim" in the prior litigation. ***U.S. Bank Nat'l Ass'n v. Davis***, 232 A.3d 952, 955 (Pa. Super. 2020).

Furthermore, the application of the doctrine of *res judicata* presents a question of law. Our standard of review is *de novo* and our scope of review is plenary. ***Moyer v. Shaffer***, 305 A.3d 1064, 1067 (Pa. Super. 2023).

In her sole issue on appeal in the instant action, Taylor claims that the trial court erred in applying the doctrine of *res judicata* and dismissing this case. Taylor first argues that it was inappropriate for the Bravermans to raise *res judicata* by preliminary objection rather than as an affirmative defense in new matter. Taylor further argues that *res judicata* only bars the relitigation of claims previously decided on the merits. Here, because there was no

hearing on the merits or even oral argument, Taylor maintains that the trial court did not dispose of the matter on its merits, and therefore there was no final judgment. Lastly, Taylor argues that she was not required to attach May 1, 2022, agreement, which she attached to the complaint in the instant action, to the complaint in the First Suit. Moreover, she argues that her failure to do so does not preclude her from doing so now to show the Bravermans owed her additional money. Therefore, according to Taylor, the trial court erred in sustaining the Bravermans' preliminary objection, and this Court should reverse the trial court's order. Taylor's Brief at 9-10. We disagree.

Generally, *res judicata* is an affirmative defense which should be pled as new matter. **See** Pa.R.C.P. 1030(a). However, the proper method for challenging the procedural propriety of another party's preliminary objection raising *res judicata* is to file a preliminary objection. **Duquesne Slag Products Co. v. Lench**, 415 A.2d 53, 54 (Pa. 1980). Further, "'[w]here a party erroneously asserts substantive defenses in preliminary objections rather than . . . in new matter, the failure of the opposing party to file preliminary objections to defective preliminary objections . . . waives the procedural defect and allows the trial court to rule on the preliminary objections.'" **Hvizdak v. Linn**, 190 A.3d 1213, 1228 (Pa. Super. 2018) (quoting **Preiser v. Rosenzweig**, 614 A.2d 303 (Pa. Super. 1992)). Furthermore, it is well-settled that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

Here, as the Bravermans claim, Taylor did not file preliminary objections to challeng the procedural method by which the Bravermans asserted their claim of *res judicata*. Instead, Taylor filef an answer to the Bravermans' preliminary objection.[1] As such, Taylor waived her argument that the Bravermans improperly raised the doctrine of *res judicata* by preliminary objection, and the trial court properly considered the Bravermans' *res judicata* claim.[2] We now consider the merits of Taylor's challenge to the Bravermans' assertion of *res judicata*.

The trial court concluded that *res judicata* applied and barred the instant action. The court noted that the issue in the First Suit was the same in the instant action, *i.e.*, whether the Bravermans owed Taylor additional money for her home. We further observe that Taylor similarly sued the Bravermans, being the same parties, in the First Suit for breach of contract as she did in

---

[1] By doing so, Taylor effectively treated the Bravermans' objection as new matter and answered it. Taylor could not accomplish anything more by requiring them to strictly follow the proper procedure, which she herself did not do. Therefore, Taylor was not prejudiced when the trial court considered the Bravermans' preliminary objection. **See Rufo v. Bastian-Blessing Co.**, 207 A.2d 823, 826 (Pa. 1965).

[2] Notwithstanding this, we note that this Court has held that *res judicata* may be raised by preliminary objection. A court may overlook the invocation of *res judicata* in a preliminary objection where, as here, the complaint at issue refers to the prior action and the facts surrounding the prior and current litigation are not in dispute. **See Khalil v. Cole**, 240 A.3d 996, 1001 (Pa. Super. 2020); **Ellis v. Moran Foods**, 344 A.3d 1126 (Pa. Super. 2025), *appeal denied*, 2026 WL 276125 (Pa. Feb. 3, 2026).???

the instant action. Therefore, both actions had the required elements/identities in common.

But Taylor claims that the order granting judgment on the pleadings in the First Suit was not a determination on the merits in that case. Taylor is correct that, for *res judicata* to apply, Pennsylvania law requires that the trial court dispose of the matter in the prior litigation on its merits and "pass[] directly on the substance of the claim." ***See supra***.

This court has explained the distinction between a judgment on the merits and a judgment which is not:

> "A judgment for the defendant is not on the merits where it is based merely on rules of procedure rather than on rules of substantive law. If the judgment determines that the plaintiff has no cause of action, it is on the merits; but if it determines only that the plaintiff is not entitled to recover in the particular action, it is not on the merits. If the defendant, whether on demurrer, motion, verdict or otherwise, obtains judgment in his favor on a ground not involving the substance of the plaintiff's cause of action, the cause of action is not extinguished thereby. This is the case, for example, where the judgment is based on the lack of jurisdiction of the court over the defendant or over the subject of the action, on the plaintiff's lack of capacity to sue, on the pendency of a prior action, on the misjoinder or nonjoinder of parties or on the misjoinder of causes of action."

***Brown v. Cooney***, 442 A.2d 324, 326 (Pa. 1982) (quoting Restatement, Judgments section 49, Comment a (1942)) (emphasis added). A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. ***Erie Ins. Exch. v. Mione***, 253 A.3d 754, 759 (Pa. Super. 2021) (citation omitted). ***Eynon v. United States Steel Corp.***,

336 A.3d 983 (Pa. Super. Ct. 2025), *reargument denied* (May 29, 2025), *appeal denied*, 2025 WL 3277686 (Pa. Nov. 25, 2025);  50 C.J.S. Judgments section 633, p. 67 (1947).

Here, the trial court determined, as a matter of law and based on _____, that the Bravermans were entitled to judgment.  According to the trila court, it based its decision on _____.  This operated as a demurred to Taylor's action.  Thus, the trial court's order granting the Bravermans' motion for judgment of the pleadings was a demurrer and therefore a final judgment on the merits; it was not merely procedural.  If Taylor was displeased with this result, she could have appealed but did not.

Lastly, Taylor's argument that her attachment of the written, purported agreement between Taylor and the Bravermans for additional money to the complaint in the instant action renders *res judicata* inapplicable, is meritless.  As the trial court observed, *res judicata* bars the "relitigation of issues that could have been raised." Trial Court Opinion, 8/5/25, at 3.  Here, Taylor could have attached this document to the complaint in the First Suit, but she did not and does not explain why now. Instead, she simply, and incorrectly, maintains that she was not required to attach it to her complaint in the First Suit. Pennsylvania Rule of Civil Procedure 1019 provides that, "[w]hen any claim or defense is based upon an agreement, the pleading shall stte specifically if the agreement is oral or written. . . . [and] when any claim or defense is based upon a writing, the pleader shall attach a copy of the writing."  Pa.R.C.P. 1019((h) and (i).  Seemingly, Taylor could have attached this writing but did

not.  Regardless, it remains that the First Suit is the same as the instant action and *res judicata* applies to bar the instant action.

Accordingly, from our review of the record, we conclude that the trial court did not commit an error of law or abuse its discretion by granting the Bravemans' preliminary objection and dismissing Taylor's complaint in the instant action.  As the trial court observed, Taylor sought to relitigate the First Suit when she filed the instant action, which is prohibited under the law.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/13/2026

- 9 -