J-S32004-23

2023 PA Super 239

| RACHEL MARIE MOYER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RYAN PATRICK SHAFFER | : | No. 422 MDA 2023 |

Appeal from the Order Entered January 4, 2023
In the Court of Common Pleas of Berks County Civil Division at No(s):
22-15501

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

OPINION BY DUBOW, J.:                    **FILED: NOVEMBER 17, 2023**

Appellant, Rachel Marie Moyer, appeals from the January 4, 2023 order that dismissed with prejudice the second petition for protection from abuse ("PFA petition") that Appellant filed against Appellee, Ryan Patrick Shaffer, pursuant to the Protection From Abuse ("PFA") Act, 23 Pa.C.S. §§ 6101-22). Upon review, we vacate and remand.

The relevant procedural history follows.  On August 24, 2022, Appellant filed an initial PFA petition against Appellee, which the trial court ultimately dismissed without prejudice on September 6, 2022, after Appellant failed to appear at a scheduled hearing regarding the petition.

On November 16, 2022, Appellant filed a second PFA petition, including the same allegations of abuse averred in the first PFA petition.  On the same day, the trial court conducted an *ex parte* hearing, granted Appellant a temporary PFA order, and scheduled a final hearing.

On January 3, 2023, after several continuances, the trial court held a final hearing on Appellant's second PFA petition. Appellee made an oral motion to dismiss Appellant's second PFA petition because it averred identical allegations to Appellant's first PFA petition, which the trial court previously dismissed. The trial court dismissed Appellant's petition with prejudice, concluding on the record that "in order to have a new petition filed there has to be new allegations so that we are not continuing to reargue the same allegations over and over again. . . [Appellant] did have an opportunity to appear on [September 6, 2022] and she voluntarily chose not to pursue her petition. I am dismissing the [second PFA] petition." N.T. Hearing, 1/3/23, at 11. On January 4, 2023, the trial court issued an order dismissing Appellant's second PFA with prejudice.

On January 30, 2023, Appellant timely appealed.[1] The trial court did not order Appellant to file a Pa.R.A.P. 1925(b) statement. On May 10, 2023, the trial court issued a Rule 1925(a) opinion.

---

[1] On January 4, 2023, the same day that the trial court dismissed Appellant's second PFA petition, Appellant filed a motion for reconsideration. On January 6, 2023, the PFA court ordered the parties to submit briefs and scheduled a hearing on the motion. On February 7, 2023—34 days after the trial court dismissed Appellant's second petition—the court granted reconsideration, held a hearing on the merits, and denied Appellant's second PFA petition. Because Appellant had filed a timely notice of appeal from the January 4, 2023 order and the trial court did not expressly grant Appellant's motion for reconsideration within 30 days of the January 4, 2023 order, the trial court did not have jurisdiction to grant reconsideration, conduct a hearing, and issue an order denying Appellant's second PFA petition on the merits. *See* Pa.R.A.P. 1701 (explaining that after an appeal is taken, the trial court may no longer
*(Footnote Continued Next Page)*

Appellant raises the following issues for our review:

1.    Whether the trial court erred as a matter of law by treating [Appellant]'s case as if the previous filing had been dismissed with prejudice[] when it had been dismissed without prejudice?

2.    Whether the trial court erred as a matter of law when it dismissed the [PFA] petition without holding a timely hearing?

Appellant's Br. at 7 (reordered for ease of disposition).

In a PFA action, this Court reviews the trial court's legal conclusions for an error of law or an abuse of discretion. *Custer v. Cochran*, 933 A.2d 1050, 1053-54 (Pa. Super. 2007) (*en banc*). A trial court does not abuse its discretion for a mere error of judgment; rather, an abuse of discretion is found "where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias, or ill will." *Mescanti v. Mescanti*, 956 A.2d 1017, 1019 (Pa. Super. 2008) (citation omitted).

_____

proceed in the matter unless, *inter alia*, an order expressly granting reconsideration of such order is filed in the trial court within 30 days); *Cheathem v. Temple University Hosp.*, 743 A.2d 518, 520-21 (Pa. Super. 1999) (a trial court must expressly grant reconsideration within the time allowed for filing an appeal, in order to toll the time for taking an appeal; an order fixing a hearing date does not toll appeal period because it does not expressly grant reconsideration). Accordingly, the trial court's proceedings and orders issued after Appellant filed the January 30, 2023 notice of appeal constitute a legal nullity, which this Court will not consider in our analysis of the instant appeal.

In her first issue, Appellant avers that the trial court erred as a matter of law when it applied the doctrines of *res judicata* and collateral estoppel to dismiss Appellant's second PFA petition. Appellant's Br. at 12. Appellant argues that because the first PFA petition was not adjudicated on the merits and was dismissed without prejudice, neither doctrine barred the claims in Appellant's second PFA petition. *Id.* at 12, 14-19. We agree.

"Application of the doctrines of *res judicata* and collateral estoppel is a question of law requiring *de novo* review and the scope of review is plenary." *K.D. v. E.D.*, 267 A.3d 1215, 1223 (Pa. Super. 2021).

"The doctrine of *res judicata* applies to prevent litigants from bearing the burden of re-litigating the same issues with the same parties, and to promote judicial economy." *E.K. v. J.R.A.*, 237 A.3d 509, 521 (Pa. Super. 2020) (citation omitted). *Res judicata*, or claim preclusion, bars the re-litigation of a previously litigated claim or cause of action when the following elements are the same across both actions: the identity of (1) the thing sued upon; (2) the cause of action; (3) persons and parties to the action; and (4) the quality or capacity of the parties suing or being sued. *K.D. v. E.D.*, 267 A.3d at 1224. Essentially, "[u]nder the doctrine of *res judicata*, **a judgment on the merits in a prior suit** bars a second suit on the same cause of action[.]" *Wilmington Tr., Nat'l Ass'n v. Unknown Heirs*, 219 A.3d 1173, 1179 (Pa. Super. 2019) (emphasis added). "The dominant inquiry under those elements, then, is whether the controlling issues have been decided in

a prior action, in which the parties had a full opportunity to assert their rights."

***E.K. v. J.R.A.***, 237 A.3d at 521 (citation omitted)

Collateral estoppel, also referred to as issue preclusion, is a broader concept than *res judicata* and "operates to prevent a question of law or issue of fact which has **once been litigated and fully determined** in a court of competent jurisdiction." ***Vignola v. Vignola***, 39 A.3d 390, 393 (Pa. Super. 2012) (emphasis added and citation omitted). Collateral estoppel applies if:

> (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a **final judgment on the merits**; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a **full and fair opportunity to litigate the issue** in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment.

***E.K. v. J.R.A.***, 237 A.3d at 521 (emphasis added and citation omitted).

As explained above, both *res judicata* and collateral estoppel require that an initial action result in a final judgment **on the merits** before either doctrine can be applied to bar a second action raising similar claims or issues. Instantly, Appellant's first PFA petition was not adjudicated on the merits. Rather, it was dismissed without prejudice because Appellant failed to appear at the hearing. As such, the doctrines of *res judicata* and collateral estoppel do not apply to bar Appellant's second PFA petition and the trial court erred as a matter of law when the court dismissed Appellant's second PFA petition with prejudice.

In her second issue, Appellant avers that the trial court erred when it failed to hold a hearing on Appellant's second PFA petition. Appellant's Br. at 13-14. We agree.

The PFA Act states unequivocally: "[w]ithin ten business days of the filing of a petition under this chapter, a hearing **shall** be held before the court, at which the plaintiff must prove the allegation of abuse by a preponderance of the evidence." 23 Pa.C.S. § 6107(a) (emphasis added). This Court has held that under the PFA Act, evidentiary hearings are mandatory because the statutory use of the word "shall" mandates that a trial court conduct such a hearing. *Burke ex rel. Burke v. Bauman*, 814 A.2d 206, 208 (Pa. Super. 2002). Accordingly, we agree that the trial court erred when it failed to hold an evidentiary hearing on Appellant's second PFA petition.

In conclusion, because Appellant's first PFA petition was not adjudicated on the merits, the doctrines of *res judicata* and collateral estoppel do not apply to bar her from raising the same claims or issues in her second PFA petition. Thus, we conclude that the trial court committed reversible error when it failed to conduct an evidentiary hearing as required by 23 Pa.C.S. § 6107(a) and dismissed Appellant's second PFA petition with prejudice. We, therefore, vacate the order and instruct the trial court to conduct an evidentiary hearing on Appellant's second PFA petition.[2]

_____

[2] We are cognizant of the fact that the trial court conducted an evidentiary hearing on February 7, 2023, and ultimately denied Appellant's second PFA

*(Footnote Continued Next Page)*

- 6 -

Order vacated.    Case   remanded   with   instructions.    Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>11/17/2023</u>

---

petition on the merits.   However, as discussed above, the trial court was without jurisdiction to do so.   Therefore, the evidentiary hearing and subsequent order denying the second PFA petition are both legal nullities.  As such, we are constrained to order a new hearing and disposition on the merits.