J-S31015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ALLIED FIRST BANK, SB D/B/A SERVBANK | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIGITTE NELSON | : | |
| | : | No. 223 EDA 2024 |
| Appellant | : | |

Appeal from the Order Entered January 5, 2024
In the Court of Common Pleas of Monroe County Civil Division at No(s):
000556-CV-2017

BEFORE:  BOWES, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY BOWES, J.:                **FILED SEPTEMBER 10, 2024**

Brigitte Nelson appeals *pro se* from the January 5, 2024, order granting the motion for summary judgment filed by Allied First Bank, SB d/b/a Servbank ("Servbank").  We affirm.

The trial court summarized the background of this mortgage foreclosure matter as follows:

> [Servbank] alleges that [Ms.] Nelson signed a promissory note on November 9, 2015, in which she promised to repay a $280,000 loan secured by a mortgage on her home at 124 Milestone Drive, East Stroudsburg, Pennsylvania.  The mortgage was held by Acre Mortgage and Financial, Inc. [("Acre")] and was assigned to the Money Source, Inc. by assignment recorded in the Monroe County Office for the Recording of Deeds on January 1, 2017.  The Money Source, Inc. assigned the mortgage to [Servbank] by assignment recorded August 31, 2023.
>
> Ms. Nelson defaulted on the mortgage by failing to pay the August, 2016 monthly mortgage payment and had made no payments since that time.  The Money Source, Inc. commenced

this foreclosure action against Ms. Nelson by complaint filed on January 24, 2017. [Representing herself,] Ms. Nelson filed an answer which provided the same response to each substantive paragraph of the complaint:

> 2-9. Admitted in part; Denied in part. It is only admitted that [Ms. Nelson] was misled into purchasing the subject home by Classic Quality Homes and [Acre], the subject of which is currently being litigated in the United States District Court of the Eastern District of Pennsylvania, referenced as Nelson v. Classic Quality Homes and Acre Mortgage & Financial, Inc., 2:16-cv-05838. The successful resolution of this case will absolve [Ms. Nelson] of any liability for the mortgage which Plaintiff instituted suit. All other averments are denied.

Her new matter did likewise:

> 10. Ms. Nelson has instituted suit against Classic Quality Homes and [Acre] for, among other things, false representations relating to the purchase and financing of the subject home. See Nelson v. Classic Quality Homes and Acre Mortgage & Financial, Inc., 2:16-cv-05838.
>
> 11. Classic Quality Homes and [Acre] are alleged to have violated the Truth in Lending Act, 15 U.S.C. § 1601, *et seq*. ("TILA"), the Real Estate Settlement Procedures Act (hereinafter "RESPA"), 12 U.S.C. § 2601, *et*. *seq*., and the Pennsylvania Unfair Trade Practices Act and Consumer Protection Law[ ("UTPCPL"),] 73 P.S. § 201-1, *et*. *seq*.
>
> 12. Among other things, if Ms. Nelson is successful in her federal court action, she will be absolved of the past due mortgage allegedly owed in this case-*i.e.*, recession (*sic*) of the mortgage based on the TILA.

Thus, Ms. Nelson did not challenge that she obtained a loan from [Servbank]'s predecessor, secured by a note and a mortgage on her home and that she failed to make the payments called for by the note. Her sole defense was that her seller and lender had committed fraud during her purchase and financing of her home. At [the parties'] request during a status conference on January 28, 2020, [the court] stayed this litigation pending the outcome of [Ms. Nelson's] suit in federal court[.]

- 2 -

Trial Court Opinion, 3/6/24, at unnumbered 1-3 (cleaned up).

A jury rejected Appellant's federal claims and in January 2023, Servbank filed in this case a motion for summary judgment. Therein, it appended an affidavit from Cindy Cowden, a vice-president of Servbank's mortgage servicer, stating that the amount due to Servbank under the mortgage was $434,714.67 as of September 22, 2023. Servbank also attached Exhibit 7 to its brief, showing that a verdict was entered in the federal court litigation in favor of Servbank's predecessor, and specifically finding that Acre did not violate either the TILA or the RESPA based on its involvement in Ms. Nelson's closing. The federal court also concluded that Classic Quality Homes did not violate the UTPCPL. In its brief accompanying the motion for summary judgment, Servbank argued that Ms. Nelson's defense, as raised in her new matter, was now either moot or barred under the principle of collateral estoppel based on the federal court's decision. Ms. Nelson responded to the motion.

On December 7, 2023, the trial court granted Servbank's motion for summary judgment and entered an *in rem* judgment in favor of Servbank in the amount of $434,714.67. Ms. Nelson timely appealed *pro se*, and the trial court ordered her to file a Pa.R.A.P. 1925(b) statement of errors on appeal. In her statement, which spans eighteen substantive pages, she confirms that the judgment in the federal action was upheld by the U.S. Third Circuit Court

of Appeals. *See* Concise Statement, 1/29/24, at 14. The trial court thereafter issued a responsive opinion.

Ms. Nelson presents six issues for our consideration, which we have reordered for ease of disposition:

I.  Whether the trial court's judgment entered on December 7, 2023 incorrectly applied the law when [it] affirmed the [federal] district court's judgment when granting Acre favor under TILA and Regulation Z, and RESPA and Regulation X in granting Servbank's motion for summary judgment.

II.  Whether Acre, Classic [Quality Homes], and [The Money Source, Inc.] were mandated to comply with the [TILA-RESPA integrated disclosures ("TRID")] rule to obtain six pieces of information to create a true mortgage loan application to trigger the H24(A) Loan Estimate and the H25(A) Closing Disclosure for all mortgage loan applications received on or after October 3, 2015.

III.  Whether the [federal] district court incorrectly applied the law when granting favor to Classic Quality Homes under the Pennsylvania [UTPCPL].

IV.  Whether the United States of the Supreme Court [*sic*] (SCOTUS) agreed with the lower court's decision when [it] affirmed the district court's judgment.

V.  Whether the [United States Court of Appeal] Case No. 23-1860 incorrectly applied the law when [it] affirmed the [federal] district court's judgment granting Acre favor under TILA and Regulation Z, and RESPA and Regulation X.

VI.  Whether the [federal] district court's jury verdict entered on April 6, 2023, and the district court's judgment entered on April 7, 2023 incorrectly applied the law when granting Acre favor under TILA and Regulation Z, and RESPA and Regulation X.

Ms. Nelson's brief at 10-11 (cleaned up).

Ms. Nelson's first two issues relate to the trial court's decision to grant Servbank's motion for summary judgment. We begin with our well-settled standard of review for appeals from orders granting summary judgment:

> We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no [genuine issue as to any] material fact and it is clear that the moving party is entitled to judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

***Shellenberger v. Kreider Farms***, 288 A.3d 898, 905 (Pa.Super. 2023) (cleaned up).

The "failure of a nonmoving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law." ***Id***. (cleaned up). However, "[i]f there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied." ***Id***. at 905-06 (cleaned up). Accordingly, it is this Court's responsibility "to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a *prima facie* cause of action, such that there is no issue to be decided by the fact-finder." ***Id***. at 905.

Servbank's predecessor initiated this case by filing a complaint in mortgage foreclosure. We have stated that "[t]he holder of a mortgage has

the right, upon default, to bring a foreclosure action." ***Bank of America, N.A. v. Gibson***, 102 A.3d 462, 464-65 (Pa.Super. 2014) (citation omitted). Further, "[t]he holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount." ***Id***.

The trial court's decision to grant Servbank's motion for summary judgment was premised in part upon application of the doctrine of collateral estoppel, which "is a question of law requiring *de novo* review[,] and the scope of review is plenary." ***Moyer v. Shaffer***, 305 A.3d 1064, 1067 (Pa.Super. 2023) (citation omitted). We have observed:

> Under the doctrine of collateral estoppel, or issue preclusion, the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action.
>
> Collateral estoppel applies if (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment.
>
> For collateral estoppel to apply, all of these elements must be met.

***See Heldring v. Lundy Beldecos & Milby, P.C.***, 151 A.3d 634, 644 (Pa.Super. 2016) (citations omitted).

With this framework in mind, we return to Ms. Nelson's first two issues. Therein, she contends that the trial court erred in granting summary judgment in favor of Servbank by wrongfully "rely[ing] on the judgment of the [federal] district court." Ms. Nelson's brief at 32-33 (some capitalization altered). She maintains that the court did not perform its own analysis of her defense claims that Servbank's predecessors violated TRID rules, TILA, and RESPA. *Id*. at 33. Ms. Nelson then goes on to provide a history of the Dodd-Frank Wall Street Reform and Consumer Protection Act and detail how Acre and the initial plaintiff in the matter *sub judice* defied regulations, TILA, RESPA, and the UTPCPL.[1] *Id*. at 40-41. She urges this Court to find that she suffered harm so as to impute standing for her to raise another federal suit. *Id*. at 41-42.

In its Rule 1925(a) opinion, the trial court opined that summary judgment was properly granted because Ms. Nelson failed to challenge that she obtained a loan from Servbank's predecessor, which was "secured by a note and a mortgage on her home[,] and that she failed to make the payments called for by the note." Trial Court Opinion, 3/6/24, at unnumbered 3. Furthermore, it found that Ms. Nelson's sole defense, that Acre fraudulently induced her to procure the loan in violation of TILA and RESPA, could not be reasserted in this case since those claims were decided in a final judgment by

---

[1] Ms. Nelson additionally devotes significant portions of her brief to detailing various other federal laws and regulations. *See*, *e.g.*, Ms. Nelson's brief at 43-44.

the federal courts and were barred under the principle of collateral estoppel.[2]

*Id*. at unnumbered 4.

Upon review, we conclude that the trial court did not err in granting summary judgment in favor of Servbank. The pleadings and discovery in this case clearly show that Servbank currently holds the recorded note as to the mortgaged property, which Ms. Nelson does not dispute. Additionally, through her answer and new matter, Ms. Nelson generally denied the allegations but did not specifically deny her failure to pay toward her loan since 2016. Accordingly, her general denial, without more, constitutes an admission that she is in default. **See** Pa.R.Civ.P. 1029(b) ("Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial . . . shall have the effect of an admission."). Servbank also provided the affidavit of a vice-president to establish the amount currently due on the note, which the court could properly consider in light of Ms. Nelson's general denials. **See Gibson**, 102 A.3d at 464 (concluding that the rule prohibiting entry of summary judgment based on a moving party's testimony does not apply in mortgage foreclosure actions

---

[2] For its part, Servbank also maintains that Ms. Nelson is precluded from raising these defenses based upon the doctrine of collateral estoppel, as well as those of *res judicata* and law of the case. **See** Servbank's brief at 8-10. Ms. Nelson did not discuss or otherwise address the applicability of collateral estoppel in her primary brief to this Court. However, in her reply brief, she cursorily contests its applicability, stating that the instant case and the federal suit "involve separate sets of factual events" and "different factual and legal challenges." Ms. Nelson's reply brief at 12.

where the mortgagor ineffectively denies material allegations of the complaint). Thus, Servbank has demonstrated as a matter of law its standing in the foreclosure action, Ms. Nelson's default, and damages.

We must next consider whether Ms. Nelson's affirmative defense raised in her answer and new matter created any genuine issue of material fact to be resolved by a factfinder. There, she indicated that her defense was intrinsically tied to the federal suit she filed against Acre, the original lender, as well as other parties. As part of Exhibit 7 of Servbank's motion for summary judgment, it attached a "Judgment in a Civil Action" and verdict slip, both dated April 7, 2023, in case no. 3:17-cv-1050 in the United States District Court for the Middle District of Pennsylvania. These documents revealed that in Ms. Nelson's suit against Acre, judgment was entered in favor of Acre and against Ms. Nelson after a jury trial, and further that Acre did not violate the TILA or RESPA. Servbank also appended a second judgment entered in the federal court on the same date, demonstrating that Ms. Nelson's UTPCPL claim against Classic Quality Homes failed. The exhibit additionally contained a docket sheet for the federal case, confirming entry of the judgments.

The question then became whether Ms. Nelson was estopped to raising these issues again in the instant matter. We therefore consider whether the requirements to prove collateral estoppel, as summarized by our Court in **Heldring**, are met. First, the questions decided in the federal suit, whether Acre defrauded Ms. Nelson or violated either the TILA or RESPA, were identical

to those raised here, since Ms. Nelson specifically stated in her answer and new matter that her claims against Bankerv's predecessors would prohibit Servbank's recovery. Second, as demonstrated by Exhibit 7 to Servbank's motion for summary judgment, there was a final judgment on the merits in the federal action in favor of Acre and against Ms. Nelson. Third, Ms. Nelson was plainly a party to both the federal case as a plaintiff and in the instant action as a defendant. Fourth, she had the full and fair opportunity to litigate her TILA, RESPA, and UTPCPL claims in the federal suit since she prosecuted the case through a jury trial. Finally, the determination of Ms. Nelson's fraud-related claims was essential to the judgment because it constituted the underlying basis of her suit.

Based on the above, we are satisfied that the elements of collateral estoppel have been met. Since Ms. Nelson's defense in this mortgage foreclosure action relied exclusively upon her failed claims in the federal case, she is precluded from relitigating those same issues now. **See Heldring**, 151 A.3d at 644.

To summarize, the pleadings show that Ms. Nelson has admitted to the existence of the note and her default based on her general denials. Additionally, Servbank provided uncontested evidence as to damages. Finally, the only defense raised in her new matter is barred from being relitigated. Therefore, there were no genuine issues of any material fact, and Servbank was entitled to judgment as a matter of law. **See Shellenberger**, 288 A.3d

at 905. The trial court hence properly granted summary judgment in favor of Servbank.

In her remaining claims, Ms. Nelson argues extensively as to why the various federal courts erred with respect to her civil suit filed against Acre and other entities. By way of example, she avers that (1) the federal district court misapplied the law and proceeded to trial without certain discovery being completed; (2) the Court of Appeals for the Third Circuit erred in affirming the district court's judgment; and (3) the Supreme Court of the United States' refusal to grant certiorari did not equate to it agreeing with the district court's rationale. **See** Ms. Nelson's brief at 27-31, 33-38.

These questions are not properly before us. This Court has jurisdiction to review the decisions of Pennsylvania courts of common pleas, such as the trial court's order granting summary judgment in favor of Servbank. **See** 42 Pa.C.S. § 742 ("The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, regardless of the nature of the controversy or the amount involved, except such classes of appeals as are by any provision of this chapter within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court."). Appellant cites no authority that grants us jurisdiction to review the orders of federal courts for error, and for us to do so would violate the supremacy clause of the United States Constitution. **See** U.S. Const. art. VI, cl. 2 ("This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all

Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding"). No relief is due.

Based on the issues presented, the trial court did not err in granting summary judgment in favor of Servbank.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/10/2024