J-A17028-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ACME SITE RESTORATION, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATSONFORD GARAGE AND FRANK | : | No. 2685 EDA 2023 |
| CRAIG | : | |

Appeal from the Judgment Entered October 5, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  191003812


BEFORE:  BOWES, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.:                **FILED JANUARY 28, 2025**

Appellant Acme Site Restoration, LLC (Acme), appeals from the judgment entered in favor of Appellees Matsonford Garage and Frank Craig after the trial court dismissed Acme's underlying breach of contract action based on the doctrine of *res judicata*.  Acme argues that the trial court erred and that *res judicata* did not preclude its breach of contract action against Craig.  After review, we reverse and remand for further proceedings.

The trial court summarized the relevant facts and procedural history of this matter as follows:

> On October 30, 2019, [Acme] commenced this action for breach of contract concerning a storage container previously rented by . . . Frank J. Craig d/b/a Matsonford Garage [(Craig)].  The contractual arrangement, executed on October 19, 2015, stipulated Acme's provision, delivery, and lease of a sea container storage unit to Craig for a monthly remittance of $75.00.  The container, valued at several thousand dollars, was secured with a

$500 deposit Craig furnished to Acme. Craig terminated this agreement on November 1, 2017. Pursuant to the termination of the contract, Acme instructed [Acme's agent] to reclaim the aforementioned container and remit his security deposit to Craig via check. However, a deadlock ensued, as Craig repudiated the check payment while Acme resisted reimbursing in cash. This impasse culminated in [Acme's agent] vacating Craig's premises, leaving both the container and the security deposit unsettled.

In the wake of this stalemate, and six months post the unfruitful attempt to repossess the container, Acme instigated a replevin action against Craig, adjudicated in the Philadelphia Court of Common Pleas. The Honorable Judge Vincent Johnson presided over this matter on June 18, 2019, and ruled in favor of Acme, mandating on June 25, 2019, that Craig facilitate the retrieval of the container by Acme. He additionally adjudged in favor of Acme, awarding them $3,000.00 in special damages.[1] Neither party sought post-trial relief. Acme reclaimed the storage unit on July 25, 2019.

On October 30, 2019, Acme filed a breach of contract claim with this [c]ourt concerning the purported property damage of the sea container whilst it was in Craig's possession.[2]

The present [non-jury] trial was conducted before this [c]ourt on July 25, 2023. During the proceedings, Acme contended that subsequent to the reclamation of the container, damages were unveiled thereto. The damage was construed as a breach of the contract in the complaint. Defendant Craig repudiated damaging the sea container, alleging that any damages thereto occurred prior to [Craig] taking possession of the unit in 2015. Craig further asserted that [Acme's] claims are baseless as Acme furnished no proof of said damages. Acme articulated that it was oblivious to the extent of the damages at the juncture of

_____

[1] The trial court opinion reflects that the special damages were not related to any damage to the property. *See* TCO at 7 (stating "Acme had already successfully secured an award of $3,000.00 in special damages that were unrelated to the purported property damage.").

[2] Acme's breach of contract action was first heard by a board of arbitrators, and the board found in favor of Acme and awarded Acme $5,000 in damages. Craig appealed the arbitration award to the court of common pleas for a trial *de novo*. *See* Notice of Appeal, 6/13/22.

- 2 -

reclamation and posited that it ought to have been accorded the opportunity to ascertain the damages. Moreover, Acme maintained that it was entitled to pursue the breach of contract claim as a distinct remedy in the current suit, rather than an intrinsic claim necessitating adjudication concomitantly with the prior replevin action. Craig, in defense, invoked claim preclusion.

Trial Ct. Op., 2/7/24, at 1-2 (some formatting altered and footnote omitted).

Ultimately, the trial court agreed with Craig, and it dismissed Acme's breach of contract case based on *res judicata*. **See** N.T., 7/25/23, at 22.[3] Acme filed a timely post-trial motion. The trial court denied Acme's post-trial motion, and it entered judgment in favor of Craig. **See** Order, 10/5/23. This timely appeal followed. Both Acme and the trial court complied with Pa.R.A.P. 1925.

On appeal, Acme presents the following issue:

Are replevin and breach of contract separate actions to which *res judicata* [does] not apply?

Acme's Brief at 4.

Acme argues that the trial court erred in dismissing its case based on *res judicata*. Acme contends that its first action against Craig was an action in replevin only to recover its property, the sea container. **See** Acme's Brief at 10-11. It was not until Acme successfully litigated to completion the replevin action and recovered the sea container that it discovered that there was damage to the sea container. **See id.** at 12-13. Acme contends that

---

[3] On July 25, 2023, the trial court also filed its civil trial worksheet memorializing its dismissal of Acme's case based on *res judicata*. **See** Civ. Worksheet, 7/25/23.

- 3 -

once it discovered the damage to its property, this established a separate cause of action for breach of contract. *See id.* Acme argues that *res judicata* does not preclude the breach of contract action because Acme was entitled to damages that were unknown to it at the time Acme litigated the initial replevin action. *See id.* at 13-16.

The application of the doctrine of *res judicata* presents a question of law for which our standard of review is *de novo* and our scope of review is plenary. ***Gregg v. Ameriprise Financial, Inc.***, 195 A.3d 930, 935 (Pa. Super. 2018).

> *Res judicata* means a thing adjudged or a matter settled by judgment. It applies on these conditions: 1) identity in the thing sued upon; 2) identity of the cause of action; 3) identity of persons and parties to the action; and 4) identity of the quality or capacity of the parties suing or sued. Thus, a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and constitutes for them an absolute bar to a subsequent action involving the same claim, demand or cause of action. For *res judicata* purposes, a judgment on the merits is one that actually passes directly on the substance of a particular claim before the court. This has been the law of Pennsylvania for more than a century.

***U.S. Bank Nat'l Ass'n v. Davis***, 232 A.3d 952, 954 (Pa. Super. 2020) (citations and emphasis omitted and formatting altered).

> Essentially, under the doctrine of *res judicata*, a judgment on the merits in a prior suit bars a second suit on the same cause of action. The dominant inquiry under those elements, then, is whether the controlling issues have been decided in a prior action, in which the parties had a full opportunity to assert their rights.

***Moyer v. Shaffer***, 305 A.3d 1064, 1067 (Pa. Super. 2023) (citations and emphasis omitted and formatting altered).

"*Res judicata* . . . prohibits parties involved in prior, concluded litigation from subsequently asserting claims in a later action that were raised, or could have been raised, in the previous adjudication." **Wilkes ex rel. Mason v. Phoenix Home Life Mut. Ins. Co.**, 902 A.2d 366, 376 (Pa. 2006) (citation omitted). Further, "[t]he focus in a replevin action[] is strictly limited to title and right of possession; all matters foreign to those limited issues are expressly excluded from consideration and are not available as defenses or counterclaims." **Ford Motor Credit Co. v. Caiazzo**, 564 A.2d 931, 933 (Pa. Super. 1989) (citations omitted).

"Generally, when a plaintiff in a replevin action successfully establishes that he has title to the property and that the defendant's possession was unlawful, the plaintiff may, in addition to recovering the chattel, obtain judgment for the defendant's unlawful detention." **Wilson v. Highway Service Marineland**, 418 A.2d 462, 464 (Pa. Super. 1980) (citations omitted). The **Wilson** Court explained that when a plaintiff in a replevin action successfully establishes ownership of the property that is the subject of the replevin action and that the defendant's possession of the property was unlawful, in addition to recovering the property itself, the plaintiff may also seek and obtain judgment for the defendant's unlawful detention of the property. **See id.** at 464; **see also Commonwealth ex rel. Anderson v. Fidelity & Deposit Co. of Maryland**, 811 A.2d 1040, 1042 (Pa. Super. 2002) (discussing the availability of damages and explaining that a plaintiff in a replevin action may recover money damages for the value of the property only

as a secondary remedy when plaintiff cannot practicably recover the property as an adequate remedy); ***International Electronics Co. v. N.S.T. Metal Products Co.***, 88 A.2d 40, 42 (Pa. 1952) (providing that the remedy in a replevin action is "to regain possession of goods and chattels and to recover damages for their caption and detention").

Here, Acme's second action did not seek remedies available in replevin, such as the return of the property or damages for Craig's unlawful detention of the sea container. ***See Ford Motor Credit Co.***, 564 A.2d at 933; ***Wilson***, 418 A.2d 464. Instead, Acme's second action sought compensation for damage to its recovered property. ***See*** Compl., 10/30/19, at 1-4 (unpaginated). We recognize that caselaw is sparse on the question of whether monetary damages may be awarded as compensation for damage to the property itself in a replevin action. However, in ***Wensel v. Reed***, 55 A.2d 548 (Pa. Super. 1947), this Court stated that in a replevin action, the plaintiff may recover the property itself and allowed damages "for the unlawful detention by the defendant of the [property] between the dates aforesaid, plus any damage or depreciation of said [property] between said dates; and these should be fixed by special findings." ***Wensel***, 55 A.2d at 549.

Nevertheless, we reiterate that in order for *res judicata* to bar a subsequent action, a plaintiff must have the opportunity to assert its rights in the prior action for *res judicata* to bar a subsequent action. ***See Moyer***, 305 A.3d at 1067; ***Davis***, 232 A.3d at 954. Here, Acme did not have knowledge of the damage to the sea container until after it completed the replevin action.

Because the damage to the sea container was unknown to Acme until it regained possession following the conclusion of the replevin action, Acme did not have a "full opportunity to assert [its] rights" in the earlier replevin action. *See Moyer*, 305 A.3d at 1067; *see also Davis*, 232 A.3d at 954 (stating that "[f]or *res judicata* purposes, a judgment on the merits is one that actually passes directly on the substance of a particular claim before the court" (citation omitted)). As stated, the damages to the sea container were unknown to Acme until it regained possession of the container, which did not occur until after Acme successfully concluded its replevin action.

Under the circumstances presented here, the breach of contract action could not have been raised in Acme's prior replevin action. *See Moyer*, 305 A.3d at 1067; *see also Wilkes*, 902 A.2d at 376. Accordingly, we are constrained to conclude that Acme's breach of contract claim for damages caused to the sea container is not barred by *res judicata*, and we reverse and remand for further proceedings. *See Kreider v. Kleinfelter*, 461 A.2d 304, 305 (Pa. Super. 1983).

Judgment reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>1/28/2025</u>