J-S40016-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| KAREN A. GOSS, EXECUTRIX OF THE ESTATE OF MARGARET C. SEENEY, DECEASED | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : | |
| v. | : : : | |
| | : | No. 1267 EDA 2024 |
| HAROLD W. SEENEY, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF HAROLD FRANCIS SEENEY | : : : : | |

Appeal from the Order Entered April 11, 2024
In the Court of Common Pleas of Pike County Civil Division at No(s):
2021-00122

BEFORE:  STABILE, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JANUARY 30, 2025**

Karen A. Goss ("Goss"), Executrix of the Estate of Margaret C. Seeney, Deceased, appeals from the order granting summary judgment to Harold W. Seeney ("Seeney"), individually and as Executor of the Estate of Harold Francis Seeney. She argues the trial court erred by finding her first count of conversion barred by the statute of limitations and *res judicata* and the second count of conversion barred by *res judicata*. We reverse in part and remand for further proceedings.

The trial court set forth the following factual and procedural background:

> Harold Francis Seeney ("[H.F.S.]") and Margaret Seeney ("[M.S.]"), were husband and wife. On or about April 10, 2018, [M.S.] was admitted to New Eastwood Nursing Home in Easton, Pennsylvania ("New Eastwood"). . . . On July 30,

2018, [M.S.] was adjudicated incapacitated and both [Goss] and Susette Mellor[,] [M.S.'s] daughters, were appointed her Guardians.

On August 15, 2018, [H.F.S] transferred a total of $200,000.00 from an account held jointly with [M.S.] to a savings account held in his name only. [H.F.S.] also transferred a total of $38,478.98 from the same joint account to a checking account held in his name only. Sometime prior to his death, [H.F.S.] transferred [$200,000.00][1] to [Seeney]. On January 25, 2019, [H.F.S.] passed. Sometime in February 2019, [Goss and Mellor] returned to the marital residence to find various items of [M.S.'s] jewelry, valued at approximately $10,000.00, along with [H.F.S.'s] vehicle, valued at approximately $14,000.00, missing. Thereafter, [Goss and Mellor] discovered that the vehicle was registered in [Seeney's] name in the State of Florida. On May 16, 2019, [Seeney] was appointed Executor of [H.F.S.'s] Estate.

On February 8, 2021, [M.S.] filed a Praecipe for Writ of Summons upon [Seeney] individually and as Executor of the Estate of [H.F.S.]. On March 27, 2021, [M.S.] passed. On April 13, 2021, [counsel for M.S.] filed a Complaint against [Seeney], asserting two (2) causes of action sounding in conversion, Count 1 regarding the money transfers and Count 2 regarding both the vehicle and missing jewelry. On May 28, 2021, [Goss] was substituted as Plaintiff in this matter, as Executrix of the Estate of [M.S.] . . . . On June 3, 2021, [Goss] filed an Amended Complaint. On July 13, 2021, [Goss] filed a Second Amended Complaint. On July 30, 2021, [Seeney] filed an Answer and New Matter to the Second Amended Complaint. On December 14, 2021, the trial court issued an Order striking Paragraphs 1 and 3-9 of [Seeney's] New Matter, along with the *ad damnum* clauses of both [Seeney's] Answer and New Matter.

On September 29, 2022, [Seeney] filed an Amended Answer and New Matter to [Goss's] Second Amended

---

[1] The trial court stated that H.F.S. transferred "all $238,478.98" to Seeney, as was alleged in the initial complaint. However, the Second Amended Complaint alleged H.F.S. transferred $200,000.00 to Seeney; **see also** Resp. to Def. Mot. for Summ. Judg., at Exh.2, Check from H.F.S. to Seeney.

> Complaint pursuant to our Order of September 20, 2022. On November 16, 2022, [Goss] filed a Reply to the Amended Answer and New Matter. On December 21, 2023, [Seeney] filed a Motion for Summary Judgment and Brief in Support thereof. On January 17, 2024, [Goss] filed an Answer, New Matter, and Brief in Opposition to the Motion.

Trial Court Opinion, filed Apr. 11, 2024, at 1-3.

Prior to initiating this action, Goss and Mellor, on behalf of M.S., filed in Orphans' Court in the Estate of H.F.S. both a notice of claim and a petition for return of property to decedent's estate. They sought return of "A) $238,478.96 from a joint account held by [H.F.S.] and his wife [M.S.]; B) A 2014 GMC Terrain, with an estimated value of $14,000 at the time the decedent passed; C) Jewelry removed from [H.F.S.'s and M.S.'s residence] sometime between January 1, 2019 and February 2019." Def. Mot. for Summary Judgment, filed Dec. 21, 2023 at Exh. F., Petition for Return of Property.

Seeney responded that the petition for return of property challenged *inter vivos* gifts and that such a petition was not a proper procedure to challenge the alleged gifts. Goss's Response to Mot. for Summary Judgment, Exh. 7, N.T., No. 6-2020 OC, July 6, 2020, at 4. He stated that the proper procedure would be to "file a formal lawsuit in the form of a petition sur appeal from probating Will." **Id.** Seeney also moved to preclude witnesses from testifying pursuant to the Dead Man's Act. **Id.** Because the transfers allegedly occurred prior to H.F.S.'s death, the Orphans' Court dismissed the petition, stating "that is something you can proceed further with in different forms, but today's matter is dismissed." **Id.** at 8-9.

M.S. initiated the instant civil action by writ of summons on February 8, 2021. Count 1 of the operative complaint addressed two separate alleged conversions – conversion of $234,478.98 from the joint account of H.F.S. and M.S. to H.F.S.'s sole accounts and conversion of $200,000 from H.F.S. to Seeney. Second Amended Complaint, filed July 13, 2021, at ¶¶ 25-34. Goss alleged that she learned of this second transaction in March 2019. *Id.* at ¶¶ 30-31. H.F.S's Last Will and Testament left "the residue of [his] estate of every nature and wherever situate to [his] wife . . . providing she shall survive [him] by thirty days," which M.S. did. Def. Mot. for Summary Judgment at Exh. H, Last Will and Testament of Harold F. Seeney.

In this action, Seeney filed a motion for summary judgment, arguing the claims were time barred. He reasoned that "two (2) years lapsed from August 17, 2018 and March 31, 2019, until the present lawsuit was filed on April 13, 20[21]," and argued the claims were barred by *res judicata*. Motion for Summary Judgment, filed Dec. 21, 2023, at ¶¶ 40-41. The trial court granted the motion. It found count 1, alleging conversion of the money, was barred by the statute of limitations, and both counts barred by *res judicata*. Goss timely appealed.

Goss raises the following issues:

> 1. Did the trial court err as a matter of law in concluding that Count One of the Second Amended Complaint, which sets forth two separate instances of alleged conversion, is bar[r]ed by the two-year statute of limitations, when the statute of limitations as to the first alleged conversion was tolled by the filing of a Notice of Claim within the two-year prior pursuant to 20 Pa.C.S.A. § 3384, and this action was

- 4 -

initiated by the filing of a praecipe for writ of summons within two years of the date the plaintiff learned of the second alleged conversion?

2. Did the trial court err as a matter of law in concluding that the Second Amended Complaint for conversion is barred by *res judicata* based on the dismissal of a prior orphans' court action when the prior orphans' count action was an objection to a First Inventory, did not include one of the alleged acts of conversion, was decided before reaching the merits on the basis of the Dead Man's Act, and even as the trial court dismissed it, the trial court expressly told the plaintiff she could proceed further with the matter in a different form?

Goss's Br. at 4 (trial court answers omitted).

"[S]ummary judgment is only appropriate in cases where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." ***Nicolaou v. Martin***, 195 A.3d 880, 891 (Pa. 2018) (citing Pa.R.C.P. 1035.2(1)). "When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party." ***Id.*** We "reverse a grant of summary judgment if there has been an error of law or an abuse of discretion." ***Id.*** at 892. Our standard of review is *de novo* and our scope of review is plenary. ***Id.***

Goss claims the trial court erred in granting summary judgment for the first count, which alleged conversion of the money. She maintains the count included two alleged conversions—H.F.S.'s transfer of $238,478.98 from his joint account with M.S into accounts in his name only in August 2018, and the transfer of $200,000 from H.F.S.'s account to Seeney in January 2019. She

claims the first transfer is not barred by the statute of limitations because Goss and Mellor provided written notice of the claim by filing a notice of claim in the orphans' court in July 2019 and by objecting to the first inventory of H.F.S.'s estate by filing a petition for return of property in January 2020. She claims these filings tolled the statute of limitations, pursuant to 20 Pa.C.S.A. § 3384(a). That provision states, "Written notice of any claim against a decedent given to the personal representative or his attorney of record before the claim is barred shall toll the statute of limitations." Goss therefore argues that the filing of the notice of claim in Orphans' Court and the petition for return of property, which were both filed within two years of the alleged conversion, tolled the two-year statute of limitations. Goss argues the trial court analyzed only whether the discovery rule tolled the statute of limitations, not Section 3384.

Goss claims the second monetary transfer, that is, the transfer from H.F.S. to Seeney, is not barred by the statute of limitations because the statute was tolled by the discovery rule. She argues the transfer occurred on January 25, 2019. At that time M.S. was legally incapacitated, and Goss and Mellor did not discover the transfer until March 2019. Goss argues M.S. initiated the action on February 8, 2021, which was within two years of discovering the alleged conversion. Goss maintains they could not reasonably have learned of the transfer because it was from the stepfather to stepbrother, occurred in Florida, and the import of the transfer was apparent only in the context of H.F.S.'s estate. She argues the trial court made no findings

regarding the statute of limitations as to the second conversion "as it seemed to fail to realize that the first count of the Second Amended Complaint sets forth two separate conversions." Goss's Br. at 29. She further notes that in the Rule 1925(a) opinion, the court stated Goss could not "revive the challenge to the first transaction by tolling the statute of limitations on the back of the second," and argues this is not what she was doing, as the second transaction is subject to a separate statute of limitations. *Id.* at 10 (citation omitted).

Goss waived the argument that the orphans' court action tolled the statute of limitations. Goss stated in her Second Amended Complaint that the Orphans' Court filings "constitute[] written notice of the claim against [H.F.S.] pursuant to [Section] 3384(b) sufficient to toll the statute of limitations in accordance with [Section] 3384(a)." Second Amended Complaint, filed July 13, 2021, at ¶ 24. However, she did not argue in response to the Motion for Summary Judgment that Section 3384(b) applied to toll the statute of limitations for the alleged conversion of the $238,478.98 from the joint account of H.F.S. and M.S. to H.F.S.'s sole account. Rather, she argued she filed the claim within two years of discovering it and that it was not precluded by *res judicata*. **See** Plaintiff's Br. in Opp. To Def.'s Mot. for Summ. Judg., filed Jan. 18, 2024. She therefore waived the claim the statute was tolled pursuant to Section 3384(b). **See Lineberger v. Wyeth**, 894 A.2d 141, 147 (Pa.Super. 2006) ("non-moving party's failure to raise grounds for relief in the

trial court as a basis upon which to deny summary judgment waives those grounds on appeal") (citations omitted).

Goss claims the second alleged conversion—the transfer of money from H.F.S. to Seeney—was not discovered until March 2019 and therefore she timely instituted suit for that conversion in February 2021. The trial court found count 1 barred by the statute of limitations, reasoning Goss knew of the transactions in August 2018. In its Rule 1925(a) opinion, the court concluded that Goss could not "revive her challenge to the first transaction by tolling the statute of limitations on the back of the second transaction." Tr.Ct.Op., filed June 18, 2024, at 4.

We conclude the trial court erred. Goss did not learn of the second alleged conversion until March 2019. She filed the praecipe for writ of summons in February 2021. She therefore filed the claim within two years of the alleged conversion and the claim is not barred by the statute of limitations. *See* Pa.R.C.P. 1007(1) ("[a]n action may be commenced by filing with the prothonotary . . . a *praepice* for a writ of summons").

Goss next claims that the alleged claims asserting conversions of money and of property are not barred by *res judicata*. She argues the first and second elements of *res judicata* are not satisfied. She first claims the thing sued upon and the causes of action in the prior Orphans' Court action and the instant action are not the same. She argues the prior action was an objection to the first inventory filed in H.F.S.'s estate and did not include the second transfer of money from H.F.S. to Seeney. She further points out that the petition did

not request damages, which are sought in this action. Goss also asserts that the trial court did not receive any testimony or evidence regarding the return of property, and dismissed it without specifying reasons after Seeney's counsel moved to preclude witnesses from testifying based on the Dead Man's Act. She notes the court made no remarks other than that Goss and Mellor could proceed with the matter in a different forum.

"Application of the doctrines of *res judicata* and collateral estoppel is a question of law requiring *de novo* review and the scope of review is plenary." ***Moyer v. Shaffer***, 305 A.3d 1064, 1067 (Pa.Super. 2023) (quoting ***K.D. v. E.D.***, 267 A.3d 1215, 1223 (Pa.Super. 2021)).

"The doctrine of *res judicata* applies to prevent litigants from bearing the burden of re-litigating the same issues with the same parties, and to promote judicial economy." ***Id.*** (quoting ***E.K. v. J.R.A.***, 237 A.3d 509, 521 (Pa.Super. 2020)). "*Res judicata*, or claim preclusion, bars the re-litigation of a previously litigated claim or cause of action" where the following are the same across both causes of action: "the identity of (1) the thing sued upon; (2) the cause of action; (3) persons and parties to the action; and (4) the quality or capacity of the parties suing or being sued." ***Id.*** (quoting ***K.D.***, 267 A.3d at 1224). Pursuant to the doctrine of *res judicata*, "a judgment on the merits in a prior suit bars a second suit on the same cause of action[.]" ***Id.*** (quoting ***Wilmington Trust, Nat'l Ass'n v. Unknown Heirs***, 219 A.3d 1173, 1179 (Pa.Super. 2019) (emphasis removed). "The dominant inquiry under those elements . . . is whether the controlling issues have been decided in a

prior action, in which the parties had a full opportunity to assert their rights." *Id.* (quoting *E.K.*, 237 A.3d at 521).

Here, the court erred in finding the claims barred by *res judicata*. The Orphans' Court dismissed the petition for return of property because the transfers allegedly took place before H.F.S.'s death and in the court's view, the attempt to recover the property had to proceed "in different forms." The Orphans' Court did not issue a judgment on the merits of the claims for the property that would bar the assertion of the claims in this case. *See Moyer*, 305 A.3d at 1068 (finding claim not barred by *res judicata* where prior PFA petition had not been adjudicated on the merits, but rather was dismissed without prejudice for failure to appear).

Order reversed in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/30/2025