J-A26015-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MACKENZIE MAWN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| D.C., A MINOR | : | |
| | : | |
| Appellant | : | No. 377 WDA 2025 |

Appeal from the Order Dated February 20, 2025
In the Court of Common Pleas of Elk County
Civil Division at No:  2025-122

BEFORE:  OLSON, J., STABILE, J., and KING, J.

MEMORANDUM BY STABILE, J.:              **FILED: March 5, 2026**

Appellant, D.C., appeals from the final order under the Protection From Abuse Act ("PFA"), 23 Pa.C.S.A. § 6101, *et. seq.*, entered on February 20, 2025.  We affirm.

On January 22, 2025, Appellee, MacKenzie Mawn, filed a PFA petition (hereinafter the "First Petition") on behalf of her minor child, P.G.  At that time, P.G. was living in a home with her father, Appellant's mother, and Appellant.  The First Petition alleged an incident in which Appellant put his hands under P.G.'s shirt and bra and tried to place his penis near her vagina. The First Petition also alleged that CYS and police were investigating.  The trial court issued a temporary PFA order on the day the First Petiotion was filed. The trial court conducted a hearing on January 28, 2025, at which P.G. was not present and did not testify.  At the conclusion of the January 28, 2025,

hearing, the trial court dismissed the First Petition and vacated the temporary PFA order. No further action was taken on the First Petiotion.

Mawn filed the instant PFA petition (hereinafter the "Second Petition") on P.G.'s behalf on February 5, 2025. The Second Petition was based on the same incident but contained additional allegations that Cameron County Children and Youth Services instituted a safety plan that was to expire in March of 2025, and that P.G. was in fear that Appellant would kill her if she spoke about the incident. The trial court scheduled a hearing on the Second Petition for February 19, 2025. One day prior to that hearing, Appellant filed a motion to dismiss the Second Petition on grounds of *res judicata* and *collateral estoppel*. At the February 19, 2025, hearing, at which P.G. was present and testified, the trial court denied the motion to dismiss and entered the final PFA order presently on appeal. This timely appeal followed.

Appellant presents one question:

> Whether the Elk County Court of Common Pleas erred and violated the rights of [Appellant] by going against the principles of *res judicata* and collateral estoppel when it granted a final protection from abuse order [on the Second Petition], as the issue at hand was already litigated to finality [on the First Petition] and no appeal or motion to reconsider was filed by either party in that matter.

Appellant's Brief at 7.

"In a PFA action, this Court reviews the trial court's legal conclusions for an error of law or an abuse of discretion." **Moyer v. Shaffer**, 305 A.3d 1064, 1067 (Pa. Super. 2023). "A trial court does not abuse its discretion for a mere

- 2 -

error of judgment; rather, an abuse of discretion is found where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias, or ill will." *Id.* Application of the doctrines of *res judicata* and collateral estoppel presents a question of law, for which our standard of review is *de novo* and our scope of review is plenary *Id.*

In brief, the issue here is whether the denial of relief on the First Petition barred relief on the Second Petition, as both were based on the same incident. *Res judicata*, or claim preclusion, bars the re-litigation of a previous claim based on: "the identity of (1) the thing sued upon; (2) the cause of action; (3) persons and parties to the action; and (4) the quality or capacity of the parties suing or being sued.' *Id.* at 1067 (citing *K.D. v. E.D.*, 267 A.3d 1215, 1224 (Pa. Super. 2021), *appeal denied*, 272 A.3d 952 (Pa. 2022)). Under the doctrine of *res judicata*, a judgment on the merits in a prior lawsuit precludes a subsequent lawsuit on the same cause of action. *Id.*

In *Moyer*, this Court addressed circumstances similar to those instantly before us. There, as here, the petitioner filed two successive petitions based on the same incident. In the first, the trial court denied relief without prejudice after the petitioner failed to appear at the scheduled hearing. *Id.* at 1066. The trial court dismissed the subsequent petition with prejudice, citing the doctrines of *res judicata* and collateral estoppel, concluding that a new petition required new allegations. *Id.* This Court reversed, concluding that a dismissal

- 3 -

of the PFA petition without prejudice, based on the failure of the petitioner to appear, was not a judgment on the merits. *Id.* at 1068.

Instantly, the trial court acknowledges that the order disposing of the First Petition did not specify whether the dismissal was with or without prejudice. In other contexts, this Court has held that a *non pros* judgment that does not specify that it was entered with prejudice is presumed to be entered without prejudice, such that *res judicata* does not bar another lawsuit on the same cause of action. *Gutman v. Giordano*, 557 A.2d 782, 784 (Pa. Super. 1989).

Furthermore, as noted above, the Second Petition alleged that Cameron County Children and Youth Services instituted a safety plan that was to expire in March of 2025, and that P.G. was in fear that Appellant would kill her if she talked about what happened. Reasonable fear of imminent serious bodily injury meets the definition of "abuse" under 23 Pa.C.S.A. § 6102(a). This Court in *E.K. v. J.R.A.*, 237 A.3d 509, 521 (Pa. Super. 2020), explained that each PFA petition alleging a reasonable fear of imminent bodily harm presents its own cause of action, because the "element of time is integral." In other words, each PFA petition based on fear of harm presents its own cause of action because it alleges that the petitioner is presently in fear. The *E.K.* panel rejected the defendant's *res judicata* argument on that basis and concluded that the petitioner's previously litigated instances of abuse did not bar the petition then at issue. *Id.*

The rationales of **Moyer** and **E.K.** apply with equal force here. Because the First Petition was not dismissed on the merits, and because the allegations in the Second Petition raise a distinct cause of action under this Court's analysis in **E.K.**, Appellant's *res judicata* argument fails.

Collateral estoppel, or issue preclusion, bars re-litigation of a question of law or fact that was previously fully and finally determined. **Moyer**, 305 A.3d at 1067 (citing **Vignola v. Vignola**, 39 A.3d 390, 393 (Pa. Super. 2012), *appeal denied*, 50 A.3d 126 (Pa. 2012)). Collateral estoppel applies if:

> (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment.

**Id.** (citing **E.K.**, 237 A.3d at 521). As we noted in our *res judicata* analysis, the dismissal of the First Petition did not constitute a final judgment on the merits under **Moyer**. The First Petition was dismissed without P.G.'s testimony. The trial court entered a final PFA order on the Second Petition after an assessment of the merits and the credibility of P.G.'s testimony. Also, as noted above, the issue in the Second Petition is slightly different—P.G.'s present fear that Appellant will kill her for divulging the incident.

Appellant's argument to the contrary is that P.G., by and through her mother, should not be given a second bite at the apple because she failed to hire counsel in connection with the First Petition and thus was unaware of how

to proceed.  Appellant's Brief at 20.  Whatever the merit of this argument, it does not establish the applicability of *res judicata* or collateral estoppel. Applicable precedent makes clear that neither doctrine bars relief in this case, and thus, we affirm the trial court's order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

3/5/2026