J-A03001-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DAMARIS FRED | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LUIS RIQUELMY | : | |
| | : | |
| Appellant | : | No. 1866 EDA 2025 |

Appeal from the Order Entered June 23, 2025
In the Court of Common Pleas of Philadelphia County Domestic Relations
at No(s): 2501V7253

BEFORE: BOWES, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY BOWES, J.:           **FILED MAY 26, 2026**

Luis Riquelmy appeals *pro se* from the order granting the protection from abuse ("PFA") petition filed by Damaris Fred. We affirm.

Given our disposition, we need not recount the history of this case in detail. Briefly, Ms. Fred and Mr. Riquelmy began a relationship in 2020, and share a child, born in 2021. Ms. Fred also has two children from a prior relationship. The couple began to reside together when Ms. Fred became pregnant with their daughter, but separated when she was eight months old. They continued to live together until Ms. Fred moved out in June 2022. Notably, when they were still residing together in March 2022, Mr. Riquelmy

_____

[*] Retired Senior Judge assigned to the Superior Court.

threw a clothing iron at Ms. Fred, which caused severe bruising on the back of her leg. He was also aggressive and swore at Ms. Fred during this incident.

A few years later, on January 3, 2025, Ms. Fred's other two children became frightened upon observing Mr. Riquelmy outside their home. Mr. Riquelmy refused to leave, so Ms. Fred drove to the police station to file a report. He followed her the whole way. Later that month, Mr. Riquelmy texted Ms. Fred that he was outside her house and wanted to discuss daycare payments. When she refused, he vowed that he would not leave until she came outside, stating that she would have to exit her home eventually. Ms. Fred subsequently filed the instant PFA petition, and the court issued a temporary order on January 24, 2025, prohibiting Mr. Riquelmy from contacting Ms. Fred. However, Mr. Riquelmy continued to harass her through text messages and emails.

The trial court held a hearing on June 23, 2025. Both parties were self-represented and provided testimony. At the conclusion, the court issued a one-year final PFA order. Mr. Riquelmy's timely appeal followed, and he and the trial court complied with the obligations of Pa.R.A.P. 1925. Although his brief fails to adhere to Pa.R.A.P. 2111(a)(4), lacking a statement of the questions involved, we discern that Mr. Riquelmy challenges the court's reliance on the text messages, emails, and photographs that Ms. Fred

introduced at the hearing, as he claims they were not properly authenticated.[1]

***See generally*** Mr. Riquelmy's brief.[2]

In a PFA appeal, "this Court reviews the trial court's legal conclusions for an error of law or an abuse of discretion." ***Moyer v. Shaffer***, 305 A.3d 1064, 1067 (Pa.Super. 2023) (citation omitted). We have explained that "the purpose of the PFA Act is to protect victims of domestic violence from those who perpetuate such abuse, with the primary goal of advance prevention of physical and sexual abuse." ***Bhatia v. Fernandez***, 319 A.3d 517, 520 (Pa.Super. 2024) (cleaned up). A petitioner need not establish that abuse occurred beyond a reasonable doubt, but only by a preponderance of the evidence. ***See E.K. v. J.R.A.***, 237 A.3d 509, 519 (Pa.Super. 2020).

As for authenticating or identifying evidence, our Rules of Evidence provide that "[u]nless stipulated, to satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Pa.R.E. 901(a). For example, testimony from a witness with knowledge "that an item is what it is claimed to be" is satisfactory. Pa.R.E. 901(b)(1). Relative

---

[1] To the extent Mr. Riquelmy challenges the sufficiency of the evidence to support a finding of abuse in accordance with the PFA Act, he has waived that argument for the failure to include it in his Rule 1925(b) statement. ***See*** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

[2] Ms. Fred did not file a brief.

to digital evidence, including text messages, emails, and photographs, the rule provides the following examples of evidence sufficient to satisfy its requirements:

> (11) *Digital Evidence*.  To connect digital evidence with a person or entity:
>
>> (A) direct evidence such as testimony of a person with personal knowledge; or
>>
>> (B) circumstantial evidence such as:
>>
>>> (i) identifying content; or
>>>
>>> (ii) proof of ownership, possession, control, or access to a device or account at the relevant time when corroborated by circumstances indicating authorship.

Pa.R.E. 901.

Upon review of the applicable law, Mr. Riquelmy's brief, and the certified record, we affirm the court's order on the basis of the well-reasoned opinion that the Honorable Viktoria Kristiansson entered on September 5, 2025.  With respect to the digital evidence that Ms. Fred provided at the hearing, the court explained that Ms. Fred's testimony, as a person with knowledge, satisfied the authentication requirements of Rule 901.  **See** Trial Court Opinion, 9/5/25, at 9-13.  The court addressed each exhibit Mr. Riquelmy challenged and provided citations to the notes of testimony where Ms. Fred authenticated them.  **Id**. at 10-11.  It further explained that Ms. Fred supplied adequate context to establish that Mr. Riquelmy was the author of the texts and emails, where the

content of the messages contained details about the PFA petition and their daughter. *Id*. at 10-12.

Accordingly, we conclude that the trial court did not abuse its discretion or commit an error of law in granting a final PFA order, and affirm the order on the basis of its September 5, 2025 opinion, which the parties shall attach hereto in the event of further proceedings.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/26/2026